NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CELSIS IN VITRO, INC.,**
*Plaintiff-Appellant,*

v.

**CELLZDIRECT, INC. AND INVITROGEN CORPORATION,**
*Defendants-Appellees,*

---

2011-1337

---

Appeal from the United States District Court for the Northern District of Illinois in Case No. 10-CV-4053, Judge Milton I. Shadur

---

Decided: October 21, 2011

---

ADAM G. KELLY, Loeb & Loeb LLP, of Chicago, Illinois, argued for plaintiff-appellant. With him on the brief were JORDAN A. SIGALE and JULIE LANGDON.

RIP FINST, Life Technologies Corporation, of Carlsbad, California, argued for defendants-appellees. With him on the brief was SCOTT DAVID MILLER.

---

Before NEWMAN, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

In this patent case, Celsis In Vitro, Inc. ("Celsis") filed suit in the Northern District of Illinois against CellzDirect, Inc. and Invitrogen Corporation (collectively, "LTC")[1] alleging infringement of U.S. Patent No. 7,604,929 ("the '929 Patent"), which claims methods for making and using multi-cryopreserved hepatocytes. In an order dated September 8, 2010, the district court granted Celsis' first motion for a preliminary injunction, enjoining LTC from using its former method of making cryopreserved hepatocytes. LTC appealed that decision to this court in Appeal No. 2010-1547, which remains pending. LTC subsequently developed a new method for making cryopreserved hepatocyte products ("LTC's new method") and began manufacturing and offering products for sale. In response, Celsis filed a second motion for preliminary injunction arguing that LTC's new method includes only minor changes and thus infringes the '929 Patent. The district court conducted a three-day evidentiary hearing which included live testimony, and ordered post-hearing supplemental submissions. On March 24, 2011, the court denied Celsis' second request for injunctive relief, finding that Celsis was not likely to prove that LTC's new method infringed the '929 Patent. Celsis timely appealed.

After full *de novo* review of the record, the parties' briefs, and counsels' arguments, and for the reasons articulated in the district court's decision, we agree with,

---

[1] In 2008, Invitrogen Corporation merged with another company and the surviving company became Life Technologies Corporation ("LTC"). Appellees' Br. 1 n.1. CellzDirect is a wholly-owned subsidiary of LTC. As such, for purposes of this decision, Defendants-Appellees are collectively referred to as "LTC."

and thus adopt, the district court's construction of "density gradient fractionation" and "without requiring a density gradient fractionation step after thawing the hepatocytes for a second time."[2] In light of these claim constructions, the district court did not abuse its discretion in concluding that a showing of literal infringement is not likely. As it relates to the doctrine of equivalents, although the district court referred to the differences in LTC's new method as the "function," rather than the "way," this minor misidentification does not alter the analysis. When read in its entirety, the district court's decision as to Celsis' likelihood of success under the doctrine of equivalents is clear in its conclusion that the *way* in which LTC's new method functions (using a buffer, fluid counterflow force, and centrifugal force) is substantially different from the *way* in which the claimed "density gradient fractionation" functions (using a density gradient medium and centrifugation alone), a conclusion with which we agree based on the record before the court at the preliminary injunction stage.

We have considered Celsis' remaining arguments and find them unpersuasive. For the foregoing reasons, and because issuance of a full opinion would be largely duplicative, we affirm the district court for the reasons articulated in its decision, with the aforementioned minor clarification regarding the court's doctrine of equivalents analysis. Accordingly, the district court's decision deny-

---

[2] We find that the district court carefully considered the language of the claims, the specification and prosecution history, and the testimony of the parties' witnesses in reaching its conclusions regarding the proper construction of the claims and, thus, remained true to our guidance in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313-19 (Fed. Cir. 2005) (en banc).

ing Celsis' motion for a second preliminary injunction is *affirmed*.

**AFFIRMED**